# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID MARSHALL, #450150** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-2159** |
| **TERRY TERRELL, WARDEN** | **SECTION "A" (6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.

Upon review of the entire record, the Magistrate Judge has determined that this

matter can be disposed of without an evidentiary hearing. The State has filed a Response contending that petitioner's application is time-barred. For the reasons which follow, the court hereby finds that the instant application for federal *habeas corpus* relief is, in fact, timely and therefore ORDERS that the State file a response within ninety (90) days addressing the merits of Marshall's habeas petition.

## **PROCEDURAL HISTORY**

Petitioner, David Marshall, is a state prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[1] Marshall's conviction was affirmed by the Louisiana Fifth Circuit Court of Appeal on February 11, 2003, but that court found that the twenty year sentence was excessive. The Louisiana Fifth Circuit Court of Appeal vacated Marshall's sentence and remanded to the trial court for re-sentencing.[2] The trial court re-sentenced Marshall to serve fifteen years imprisonment at hard labor on June 18, 2003.[3] Petitioner's application requesting review of the Fifth Circuit's

---

[1] Marshall was found guilty by a jury of second degree kidnaping on January 9, 2002 in Jefferson Parish Criminal District Court, Case # 01-2757 "B." On January 22, 2002 Marshall was sentenced to serve twenty years imprisonment at hard labor with credit for time served.

[2] *State v. Marshall*, 841 So.2d 866 (La. App. 5th Cir. 2/11/03), a copy of which can be found in State Rec. vol. 1.

[3] See commitment order dated June 18, 2003, State Rec. vol. 1.

decision was denied by the Louisiana Supreme Court on June 6, 2003.[4]

Marshall next filed a state post-conviction application with the trial court on March 22, 2004.[5] The trial court denied relief on the merits March 30, 2004.[6] Marshall then filed for writ of review with the appellate court on June 17, 2004.[7] The Fifth Circuit, finding no error in the trial court's judgment, denied relief on June 23, 2004.[8] A subsequent writ to the Louisiana Supreme Court seeking review was signed by Marshall on July 1, 2004, metered on July 9, 2004 and stamped as filed on August 2, 2004.[9] The Louisiana Supreme Court denied relief on May 6, 2005.[10]

On June 1, 2005, Marshall filed the instant petition for writ of habeas corpus, arguing 1) that the state used perjured testimony and the trial court was biased; 2) that

---

[4] *State v. Marshall*, 845 So.2d 1090 ( No. 2003-K-0659)(La. 6/6/03), a copy of which can be found in State Rec. vol. 1.

[5] See State Court Rec. vol. 1 for copy of the application filed. The application was signed on March 12, 2004.

[6] See State Court Rec. vol. 1 for copy of the decision.

[7] See State Court Rec. vol. 1 for a copy of the application, Writ No. 04-KH-701.

[8] See State Court Rec. vol. 1 for copy of the decision.

[9] See State Court Rec. vol. 1 for a copy of petitioner's writ application, Writ No. 2004-KH-1963; See also State Court Rec. vol. 1 for a copy of a letter from the Clerk, Louisiana Supreme Court, confirming the metered and filing date for petitioner's writ application.

[10] See State Court Rec. vol. 1 for a copy of the Louisiana Supreme Court's denial in *State ex rel. Marshall v. State*, 901 So.2d 1092 (La. 05/06/05)(No. 2004-KH-1963).

the State did not provide the defense with sufficient evidence; 3) that evidence pertaining to another crime was improperly allowed at trial; 4) that defense counsel was ineffective and, 5) that his sentence was excessive.[11] The State's response, filed on July 18, 2005, asserts that petitioner's claim is not subject to federal review as the federal petition is time-barred, and does not address the merits.[12]

## TIMELINESS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review. *See* 28 U.S.C. § 2244(d)(1) (West 2005), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. On February 11, 2003, the Fifth Circuit Court of Appeal affirmed Marshall's conviction and remanded to the trial court for re-sentencing. Marshall filed an application for writ of certiorari with the Louisiana Supreme Court on March 7, 2003, and he was denied relief on June 6, 2003. Marshall was re-sentenced on June 18, 2003 to serve fifteen years imprisonment at hard labor.

---

[11] See Federal Rec. Doc. 1, Petition at p. 2-5.

[12] See Federal Rec. Doc. 7 at p. 8-12.

No further appeal of this action was taken by Marshall, thus his conviction became final on September 4, 2003, ninety days after the Louisiana Supreme Court denied his application for writ of certiorari.[13] Thus, the one year federal limitations period commenced to run on September 5, 2003 and would expire on September 5, 2004.[14]

Petitioner did not file the instant action until June 1, 2005.[15] Thus, petitioner's challenge to his 2002 conviction must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation

---

[13] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time of seeking such review... [T]his includes the ninety days allowed for a petition to the Supreme Court following entry of judgment by the state court of last resort [quotation and footnote omitted].")

[14] See 28 U.S.C. § 2244(d)(1) .

[15] This June 1, 2005, filing date was ascertained via the Court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

under this subsection."  Marshall filed his first state post-conviction application in the state courts on March 22, 2004, after allowing a lapse of **200** days (from September 5, 2003 to March 22, 2004 = 200 days).  These two hundred days will count against petitioner's one year federal limitation period.  The state district court denied Marshall's application on March 30, 2004.  At this point, Marshall had thirty days to file a writ application in the Louisiana Fifth Circuit Court of Appeal, or until April 30, 2004.[16]  Petitioner allowed 48 additional days to elapse before he filed a writ application with the Louisiana Fifth Circuit Court of Appeal on June 17, 2004.  However, the State concedes that since the Court of Appeal considered petitioner's application on the merits, Marshall's June 17, 2004 application will be considered properly filed and eligible to toll the running of the statute of limitations.  Thus, the 48 day lapse discussed above will not count against Marshall's one year federal limitation period.

  Marshall then filed a writ with the Louisiana Supreme Court, and this post-conviction application was pending until the Louisiana Supreme Court denied relief on May 6, 2005.  At this point, however, the State argues that Marshall allowed the thirty days within which to seek review from the Louisiana Supreme Court, under

---

[16]Uniform Rules of the Courts of Appeal, Rule 4-3.

state law, to expire before filing his writ application with the highest state court. However, the record shows that Marshall's application was tendered and metered earlier than the August 2, 2004 filing date. A letter from the Louisiana Supreme Court evidences that petitioner's application was metered on July 9, 2004.[17] Additionally, petitioner's application indicates that it was signed by Marshall on July 1, 2004.[18]

In *Causey v. Cain*, 2006 WL 1413490, *3-*5 (5th Cir. 2006), the Fifth Circuit, based chiefly upon its finding that "the Louisiana Supreme Court has applied the prison mailbox rule with unfailing consistency as a matter of state law", decreed that the mailbox rule be employed in ascertaining the filing date of a prisoner's Louisiana state court pleadings in the context of determining the timeliness of his federal habeas corpus application. Under the "prison mailbox rule" set forth in *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988), a pleading filed by a prisoner acting pro se is considered filed at the moment it is delivered to prison authorities for forwarding to the district court. *Causey,* 450 F.3d at 604. The reasoning behind such a rule, as the Supreme Court explained in *Houston*, is the fact that prisoners, unlike other litigants, cannot "personally travel to the courthouse" to

---

[17]See State Court Rec. vol. 1 for a copy of a letter from the Clerk, Louisiana Supreme Court, confirming the metered and filing date of petitioner's writ application.

[18]See State Rec. vol. 4, copy of application, signed on July 1, 2004.

ensure the timely filing of their court pleadings. *Houston*, 487 U.S. at 270-71, 108 S.Ct. at 2382. Accordingly, Marshall's writ application to the Louisiana Supreme Court is considered filed, pursuant to *Causey v. Cain*, on July 1, 2004.

Therefore, the court finds that petitioner's writ application[19] was filed with the Louisiana Supreme Court on July 1, 2004 in a timely fashion and, as a result, acts to toll the limitations period until the writ application was denied on May 6, 2005. Petitioner then allowed a lapse of only **25** days for a total lapse of **225** days (200 + 25 = 225 days). Therefore, Marshall's federal habeas petition is considered timely filed under 28 U.S.C. §2244(d)(1) and (2).

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the State's response to the petition for issuance of writ of habeas corpus filed by David Marshall be REJECTED and the petition be found to be timely filed. Therefore, IT IS HEREBY ORDERED that the State submit, within 90 days of this Report and Recommendation, or as applicable, within 90 days of the district court's order adopting this Report and Recommendation, a response addressing the merits of petitioner's application for

---

[19] See State Court Rec. vol. 4 for a copy of petitioner's writ application.

federal habeas relief.[20]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 26th day of September, 2006.

_____
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

---

[20] If this Report & Recommendation is not so adopted, further instructions will be forthcoming from the district court.